IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 JUL 15 PM 4:45

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | | |
|---|---|---|
| MAX MAY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 03-2112 Ml/P |
| | ) | |
| NATIONAL BANK OF COMMERCE, | ) | |
| a banking corporation organized | ) | |
| under the laws of the United | ) | |
| States of America, in its | ) | |
| corporate capacity and as | ) | |
| Trustee of the Memphis Equipment | ) | |
| Company Employee Stock | ) | |
| Ownership Plan, and LAWRENCE | ) | |
| SCOTT, an individual resident | ) | |
| of Cordova, Shelby County, | ) | |
| Tennessee, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING MOTION TO INTERVENE AS A PLAINTIFF**

Before the Court is the Motion to Intervene as a Plaintiff of Celia Ann Scott, filed November 16, 2004. Plaintiffs' responded in opposition on November 29, 2004. For the following reasons, the Court DENIES the motion.

I.   **BACKGROUND**

Celia Ann Scott is the wife of Mr. Lawrence Scott, the Defendant in this matter.[1] Mr. Scott filed a Complaint for

---

[1] Please see the Order Granting in Part and Denying in Part Plaintiffs' Motion for Partial Summary Judgment, issued on October 21, 2004, (Docket No. 288) for a discussion of the factual background underlying this case.

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on _____

(331)

Divorce in Division Nine of the Circuit Court of Shelby County, Tennessee, on February 1, 1999. After a period of reconciliation, the Scotts proceeded with a divorce. Ms. Scott filed her Answer and Counter Complaint in the circuit court on April 3, 2003, and requested that the circuit court equitably divide the parties' marital assets pursuant to Tennessee Code Annotated § 36-4-121[2], including Mr. Scott's retirement benefits in the Memphis Equipment Company's Employee Stock Ownership Plan ("MEC ESOP"). Pursuant to Federal Rule of Civil Procedure 24(a), Ms. Scott seeks leave to intervene as a Plaintiff to protect her marital interest in Mr. Scott's benefits under the MEC ESOP.

**II.   ANALYSIS**

Federal Rule of Civil Procedure 24(a) allows an individual to intervene as of right, and provides, in pertinent part:

> Upon timely application anyone shall be permitted to intervene in an action: ... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a)(2). In order for an individual to intervene as of right, the following criteria must be satisfied: "(1) timeliness of the application to intervene, (2) the

---

[2] Tennessee Code Annotated § 36-4-121 provides for the equitable division, distribution, or assignment of marital property. Tenn. Code Ann. § 36-4-121.

2

applicant's substantial legal interest in the case, (3) impairment of the applicant's ability to protect that interest in the absence of intervention, and (4) inadequate representation of that interest by parties already before the court." United States v. Tennessee, 260 F.3d 587, 591-92 (6th Cir. 2001). Plaintiffs contend that Ms. Scott's motion to intervene should be denied because the motion is untimely, Ms. Scott does not have a substantial legal interest in the case, and because Ms. Scott's interests in the case are adequately represented by Mr. Scott. The Court will address Plaintiffs' contentions in turn.

The United States Court of Appeals for the Sixth Circuit has identified the following factors for courts to consider in determining whether a motion to intervene is timely:

> 1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his [or her] interest in the case; (4) the prejudice to the original parties due to the proposed intervenor's failure, after he or she knew or reasonably should have known of his [or her] interest in the case, to apply promptly for intervention; and (5) the existence of unusual circumstances militating against or in favor of intervention.

United States v. Tennessee, 260 F.3d at 592 (quoting Grubbs v. Norris, 870 F.2d 343, 345 (6th Cir. 1989). "The determination of whether a motion to intervene is timely should be evaluated in the context of all relevant circumstances." Id. (internal quotation marks omitted). The Court will evaluate each of these

3

five factors in turn.

With respect to the first factor, Plaintiffs argue that the current litigation has progressed to a point where intervention should not be permitted. The Sixth Circuit has noted that "the time of intervention is not the determining factor but rather that all circumstances must be examined to determine the substantive progress that has occurred in the litigation." United States v. Tennessee, 260 F.3d at 593 (internal quotation marks omitted). Moreover, "[i]f the litigation has made extensive progress in the district court before [the motion to intervene was filed] then this factor weighs against intervention." Id. (internal quotation marks omitted).

In the instant case, the Court finds that extensive progress was made in the current litigation prior to the filing of the motion to intervene. The Court has already issued orders granting in part and denying in part Plaintiffs' Motion for Partial Summary Judgment, granting Plaintiff's motion for summary judgment as to Defendant Scott's Counterclaim, denying Defendant Scott's motion for summary judgment as moot, rescinding the Scott/MEC Restructuring transaction *ab initio* and dismissing with prejudice Plaintiffs' claims against Defendant National Bank of Commerce. In addition, this matter has already been tried and the issues presented during the trial are now before the Court. The Court therefore finds that this factor weighs against

allowing Ms. Scott to intervene in the case.

The next factor concerns the purpose for which intervention is sought. Ms. Scott moves to intervene to protect her claim to a portion of Mr. Scott's interest in the MEC ESOP. The Court finds that Ms. Scott has adequately stated a purpose for her proposed intervention and finds that this factor weighs in favor of finding a timely intervention.

The third factor addresses the length of time preceding the application during which Ms. Scott knew or reasonably should have known of her interest in the case. Ms. Scott contends that as a non-party to the instant litigation she had no notice that Mr. Scott's interest in the MEC ESOP was at stake in the case. In addition, she contends that the Court's order rescinding the Scott/MEC Restructuring Transaction placed the issue of Mr. Scott's interest in the MEC ESOP before the Court and that she did not become aware of that order until November 9, 2004. Plaintiffs, on the other hand, argue that Ms. Scott was aware of the current litigation since at least March 31, 2003, when Plaintiff Max May moved to intervene in the Scotts' divorce action in the circuit court.

An applicant that is aware that his or her "interests may be impaired by the outcome of the litigation is obligated to seek intervention as soon as it is reasonably apparent that [he or she] is entitled to intervene." United States v. Tennessee, 260

5

F.3d at 594. Mr. May, in his March 31, 2003, motion to intervene in the Scotts' divorce proceeding, not only referenced the instant litigation against Mr. Scott, but also attached as an exhibit to the motion a copy of the Verified Complaint describing Scott's alleged conduct and the relief requested. In particular, the Verified Complaint alleged that as a result of breaching his fiduciary duties under ERISA, Mr. Scott was personally liable under 29 U.S.C. § 1109 to make good to the MEC ESOP any losses to the plan as a result of his breach and to restore to the plan any profits resulting from such breach. (Pls.' Verified Compl. (Docket No. 1) ¶54.) Upon receipt of Mr. May's motion to intervene and the accompanying Verified Complaint, Ms. Scott was or should have been aware of the possibility that her interests in Mr. Scott's MEC ESOP benefits could be impaired by the outcome of the instant litigation. Accordingly, the Court finds that this factor weighs against finding that Ms. Scott's intervention is timely.

The next factor addresses whether the parties will be prejudiced as a result of Ms. Scott's failure to apply for intervention sooner. Plaintiffs contend that they "have already been forced to incur great expense in prosecuting the case at bar [and that] [i]f the Motion to Intervene were granted, Plaintiffs would be prejudiced by, among other factors, the incurrence of additional fees to the detriment of the MEC ESOP and its

6

participants." (Pls.' Resp. in Opp'n to Celia Ann Scott's Mot. to Intervene as a Pl., at 8-9.) Plaintiffs' argument is well-taken and the Court therefore finds that this factor also weighs against finding that Ms. Scott's intervention is timely.

The final factor concerns the existence of any unusual circumstances counseling in favor of or against intervention. Neither Ms. Scott nor Plaintiffs have identified any unusual circumstances existing in the instant case.

Accordingly, upon evaluation of the relevant factors, the Court finds that those factors weigh against allowing Ms. Scott to intervene in the instant litigation. The Court therefore DENIES Ms. Scott's motion to intervene as untimely.[3]

### III. CONCLUSION

For the foregoing reasons, the Court DENIES Ms. Scott's Motion to Intervene as a Plaintiff.


So ORDERED this _15_ day of July, 2005.

                                        /s/ Jon P. McCalla
                                        JON P. McCALLA
                                        UNITED STATES DISTRICT JUDGE

---

[3] Because the Court denies the motion to intervene on the basis of timeliness, it does not consider Plaintiffs' contentions regarding Ms. Scott's substantial legal interest in the case and whether her interests can be adequately represented by Mr. Scott.

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 331 in case 2:03-CV-02112 was distributed by fax, mail, or direct printing on July 18, 2005 to the parties listed.

---

Jeremy G. Alpert
GLANKLER BROWN
One Commerce Sq.
Ste. 1700
Memphis, TN 38103

John I. Houseal
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

Larry Montgomery
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

John J. Heflin
BOURLAND HEFLIN ALAREZ & MINOR
5400 Poplar Avenue
Ste. 100
Memphis, TN 38119

Bobby M. Leatherman
LEATHERMAN LAW OFFICE
1661 International Place Dr.
Ste. 400
Memphis, TN 38120

Kenneth P. Jones
BOURLAND HEFLIN ALAREZ & MINOR
5400 Poplar Avenue
Ste. 100
Memphis, TN 38119

Dorothy J. Pounders
POUNDERS & ASSOCIATES
1770 Kirby Pkwy
Ste. 105
Memphis, TN 38138

Marc Louis Schatten
GLANKLER BROWN
One Commerce Sq.
Ste. 1700
Memphis, TN 38103

Honorable Jon McCalla
US DISTRICT COURT