```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
```
_____

| | |
|---|---|
| MAX MAY, et al., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | )   No. 03-2112 Ml/P |
| | ) |
| NATIONAL BANK OF COMMERCE, | ) |
| a banking corporation organized | ) |
| under the laws of the United | ) |
| States of America, in its | ) |
| corporate capacity and as | ) |
| Trustee of the Memphis Equipment | ) |
| Company Employee Stock | ) |
| Ownership Plan, and LAWRENCE | ) |
| SCOTT, an individual resident | ) |
| of Cordova, Shelby County, | ) |
| Tennessee, | ) |
| | ) |
|     Defendants. | ) |

_____

**ORDER GRANTING PLAINTIFFS' APPLICATION
FOR ASSESSMENT OF FEES AND EXPENSES**
_____

    Before the Court is Plaintiffs' Application for Assessment of Fees and Expenses, filed September 30, 2005. Defendant Lawrence E. Scott filed a response in opposition on October 17, 2005.

    In its Opinion and Order Following Non-Jury Trial, entered August 31, 2005, the Court found that "Plaintiffs are entitled to an award of attorney's fees under 29 U.S.C. § 1132(g)(1). Plaintiffs should submit any application for attorney's fees within thirty (30) days from the date of entry of this opinion." (Op. and Order Following Non-Jury Trial, August 31, 2005 (Docket

No. 342) 35-36.)[1]  Section 1132(g)(1) provides, in pertinent part:

> In any action under this subchapter . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party.

29 U.S.C. § 1132(g)(1).  Upon determining that a party is

---

[1] In its opinion, the Court considered the relevant factors for an award of attorneys' fees under 29 U.S.C. § 1132(g)(1), identified by the Sixth Circuit in First Trust Corp. v. Bryant, 410 F.3d 842, 851 (6th Cir. 2005), and concluded that:

> Mr. Scott engaged in culpable conduct and exhibited bad faith by his orchestration of the January 1999 stock purchase transaction, repeated conversion of MEC funds, and failure to disclose the stock purchase transaction to the MEC ESOP participants.  Because Mr. Scott testified at trial that he would be unable to satisfy a judgment of liability from the Court out of his personal assets, it is likely that he would be unable to satisfy any award of attorney's fees.  The Court finds, however, that awarding attorney's fees would have a deterrent effect on other persons contemplating a course of conduct similar to that taken by Mr. Scott in the instant case.  Moreover, in the instant case, Plaintiffs brought suit under ERISA to provide a common benefit on all participants and beneficiaries of the MEC ESOP.  Finally, the Court notes that Plaintiffs' claim concerning Mr. Scott's liability for failure to disclose under ERISA was meritorious.  Accordingly, after considering the above factors in light of the proof presented during trial, as well as the entire record in this case, the Court finds that Plaintiffs are entitled to an award of attorney's fees under 29 U.S.C. § 1132(g)(1).

(Op. and Order Following Non-Jury Trial, August 31, 2005 (Docket No. 342) 35-36.)

entitled to attorneys' fees, the Court must determine the reasonableness of the amount requested.  See Wooldridge v. Marlene Indus. Corp., 898 F.2d 1169, 1176 (6th Cir. 1990); United Slate, Tile & Composition Roofers v. G & M Roofing & Sheet Metal Co., 732 F.2d 495, 502 (6th Cir. 1984).

In support of their application for fees, Plaintiffs have submitted the affidavit of their lead trial counsel, John J. Heflin, which summarizes the fees and expenses Plaintiffs incurred in this litigation.  Attached to Mr. Heflin's affidavit are detailed time and expense records that reflect payments to three law firms (Bourland, Heflin, Alvarez & Minor, PLC; Krivcher Magids, PLC; and Martin, Tate, Morrow & Marston, P.C.) and one expert witness (Jack Gibson).  Plaintiffs request a total of $653,951.53 in attorneys' fees and expenses.  Scott's response to Plaintiffs' application consists of the following statement:

> I object to the [] motion in that plaintiffs' fees and expenses have been paid from the National Bank of Commerce settlement of $800,000.00 and should not be assessed against me.  Fees and expenses related to the State law claim should not be assessed against me.

(Resp. Pls.' App. Assessment Fees 1.)

"Even if the defendant raises objections in a generalized manner, a district court has an obligation to review the billing statement and eliminate those portions of the fee which are unreasonable on their face." Wooldridge, 898 F.2d at 1176.  The Court has reviewed the detailed records of fees and expenses

3

submitted in connection with Plaintiffs' application and finds that the number of hours requested and the attorneys' hourly rates are reasonable in light of the facts and circumstances of this lengthy and complex litigation.  Scott's objection is not well taken, as it goes to the Court's earlier determination that Plaintiffs are entitled to attorneys' fees and expenses, and not to the reasonableness of the actual fees and expenses requested.  Accordingly, Scott's objection does not alter the Court's conclusion as to the reasonableness of the instant application.

    For these reasons, the Court GRANTS Plaintiffs' application for attorneys' fees and costs in the amount of $653,951.53.

    So ORDERED this 10th day of February, 2006.

                                            /s/ Jon P. McCalla
                                            JON P. McCALLA
                                            UNITED STATES DISTRICT JUDGE