# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

MAX MAY, BILLY THOMPSON, ASBURY L. JONES,
DOUGLAS L. CUMMINGS, LISA D. ROWLAND, STELLA
RUSSELL, ROY COATES, PAUL BOWMAN, JOHN M.
BROWNING, MELANIE CARTER, ANDREW THOMAS,
JAMES E. YORK, RICKEY PETTIT, ROBERT ROWLAND,
RICKEY JACKSON, LONNIE BERRYHILL, DAZARUS
DANIELS, CHRISTOPHER DUNHAM, MILTON DUPONT,
RAYMOND HITT, JOHNNY LOONEY, LARRY McNEAL,
BRIAN PEARSON, JOE PETTIT, JOHN ROWLAND,
MELVIN SYKES, TIM TILLMAN, MELVIN WEBB, STEVEN
WILKERSON, EDDY PETTY, GLENN I. ALLEMAN, and MARK
A. SIPES, Individually and on behalf of the MEMPHIS EQUIPMENT
COMPANY, INC. EMPLOYEE STOCK OWNERSHIP PLAN,
INC. and MEMPHIS EQUIPMENT COMPANY, INC.,

   Plaintiffs,

v.                          No. 03-2112 Ml/P
                            Judge McCalla

NATIONAL BANK OF COMMERCE,        Magistrate Judge Pham
a banking corporation organized under the laws
of the United States of America, in its
corporate capacity and as Trustee of the
Memphis Equipment Company Employee
Stock Ownership Plan, and LAWRENCE SCOTT,
an individual resident of Cordova, Shelby County,
Tennessee,

   Defendants.

## ORDER REQUIRING DEFENDANT LAWRENCE SCOTT TO
## DEPOSIT FUNDS OR POST BOND TO SECURE PAYMENT OF COSTS ON APPEAL

  Plaintiffs have moved[1] pursuant to Rule 7 of the Federal Rules of Appellate Procedure to

require Defendant Lawrence Scott ("Scott") to post an adequate bond to secure the costs which may

---

[1] Defendant Scott has failed to respond to Plaintiffs' motion within the time period allowed under the local rules.

be adjudged against him pursuant to Rule 39 of the Federal Rules of Appellate Procedure in the event he is unsuccessful in his appeal to the Sixth Circuit.  Plaintiffs have demonstrated to the Court that, despite this Court's Order entered July 26, 2005 requiring the preparation and filing of the trial transcript, with the cost thereof to be borne equally, Scott did not participate in the cost of the preparation of the transcript, resulting in that entire cost in the amount of $2,387.14 being advanced by Plaintiffs.  Scott has also recently claimed indigency, seeking leave to proceed *in forma pauperis* on September 20, 2005.  Thus, absent security for costs on appeal, Plaintiffs face the very likely prospect of not being able to recover those costs.  Plaintiffs estimate that the total costs which might be adjudged against Scott pursuant to Fed. R. App. P. 39, including the foregoing cost of the trial transcript, are $4,000.00, which the Court finds is a reasonable estimate.

  IT IS THEREFORE ORDERED pursuant to Fed. R. App. P. 7 that Scott is required within ten (10) days of the entry of this Order to deposit with the Clerk of the Court the sum of $4,000.00, or provide other good and sufficient surety for the payment of that sum, to ensure payment of costs on appeal in this case.

  DATED this 23rd day of March, 2006.

                /s/ Jon P. McCalla
                JON P. McCALLA
                United States District Judge